FLEMING & ROBERSON v. FRED MILLER BREWING CO. (No. 8057.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 5, 1914.)

LANDLORD AND TENANT (§ 34*)—LEASE—CONDITIONS—LICENSE.

A lease of a building for the sale of liquor, stipulating that the lessee could cancel if unable to procure a license from the local authorities, does not require the lessee to sue in court to enforce his right to a license, and where an ordinance was passed putting such building in a prohibited district, and the lessee's applications for license were refused, the lessee properly vacated and refused to pay rent for the balance of the term, though the ordinance was enjoined before final publication by other parties, and the city finally consented to abide by the injunction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 97; Dec. Dig. § 34.*]

Error from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by Fleming & Roberson against the Fred Miler Brewing Company. From a judgment for defendant, plaintiff brings error. Affirmed.

Mike E. Smith and G. W. Dunaway, both of Ft. Worth, for plaintiff in error. Roy, Rowland & Young, for defendant in error.

DUNKLIN, J. James F. Moore leased a business house situated in the city of Ft. Worth to the Fred Miller Brewing Company for a period of one year. Before the expiration of that period, the lessee vacated the premises, and, having refused to pay the rent stipulated in the lease contract for the unexpired period, Fleming & Roberson, who purchased the property from the lessor, Moore, instituted this suit to recover rents for the period that was unexpired at the time the lessee vacated the building. From a judg-

ment in favor of the defendant, plaintiff prosecutes this writ of error.

The lease contract contained this stipulation:

"It is hereby agreed that the lessee shall have the privilege and right to cancel this lease should it be unable to procure a license from the local authorities to sell beer and liquors in Tarrant county, or in the demised premises."

The building was leased and used for the sale of beer and liquors.

Under the provisions of a special charter of the city, its board of commissioners had authority to confine the sale of intoxicating liquors within such district as might seem advisable, and, acting under that charter authority, the commissioners passed an ordinance fixing the territorial limits within which such traffic would be confined and prohibiting the same in all other parts of the city. The leased premises fell within the prohibited limits so fixed. Before vacating the building, the lessee made three applications for license to continue its business in the leased premises; the applications being made to the deputy tax collectors who were in charge of the business of issuing liquor licenses, and all of said applications were refused. Thereupon the lessee, acting under the stipulation contained in the lease quoted above, canceled the lease contract and vacated the premises. All rents were paid up to that date, and the only claim presented by the plaintiffs in this suit was for the sums that would have been due under the lease for the remainder of the year if the lease had continued in full force.

The ordinance was passed September 15, 1909. On September 21, 1909, suit was instituted in the district court by other persons attacking the validity of the ordinance and seeking to enjoin the mayor and board of city commissioners from publishing the ordinance for the period of time required by the charter to put it in force, and prohibiting them from attempting to enforce the ordinance in the prohibited territory. A temporary writ of injunction was issued as prayed for. On November 3, 1909, upon trial of the case before a jury, a judgment was rendered in favor of the plaintiff; the judgment being based upon a finding by the jury that the ordinance was unreasonable. On December 4, 1909, a new trial was granted on the motion of the city; but nothing further was ever done with the case, the city withdrawing any further opposition to the injunction and taking no further action to avoid it. Prior to the issuance of the injunction, the ordinance was published once; but by reason of the injunction further publication of the same for the period of time required by the city charter was prevented. It seems that, notwithstanding the ordinance, licenses were issued to other parties to sell beer and intoxicating liquors within the prohibited district, but,

according to the agreement of the parties appearing in the statement of facts in this case, the licenses so issued were issued by mistake on the part of the officials and would have been refused had such officials known that the premises so licensed were within the district prohibited by the ordinance.

Fleming & Roberson insist that as an injunction against the enforcement of the ordinance was granted by the district judge, who had jurisdiction to do so, it is apparent that the defendant by resort to judicial process could have forced the proper authorities of the city to grant a license for the pursuit of defendant's business in the leased premises; that it was thus shown that defendant was able to procure such license, and therefore was not entitled to cancel the lease under the stipulation quoted above authorizing a cancellation of the same if the lessee should be "unable to procure license." Hence the question to be decided is whether the strict construction of the contract invoked by Fleming & Roberson should obtain. Evidently, the trial judge construed the contract in the light of the surrounding circumstances and reached the conclusion that the parties thereto never contemplated that the lessee should be required to resort to the extreme measure of a suit for mandamus to compel the issuance of a license with the necessary expense and uncertainty incident to such suit, but that application for license made to the duly constituted authorities of the city would be the extent of the efforts that the lessee should make to procure such license. We are of the opinion that there was no error in that interpretation of the contract, and, as that ruling is the only specification of error presented here, the judgment is affirmed.

Affirmed.